Case 4:21-cv-02393   Document 26   Filed on 01/09/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA YVETTE COFFMAN, | § | |
| Plaintiff. | § § § | |
| V. | § § | CIVIL ACTION NO. 4:21-cv-02393 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Plaintiff Lisa Yvette Coffman ("Coffman") seeks judicial review of an administrative decision denying her applications for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Coffman and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 23, 24. After reviewing the briefing, the record, and the applicable law, Coffman's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Coffman filed an application for disability insurance benefits under Title II on November 9, 2018, alleging disability beginning on June 23, 2017. Her applications were denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Coffman was not disabled. Coffman filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.[1]

---

[1] Section 405(g) requires a plaintiff to present her claims in the district court within 60 days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow. *See* 42 U.S.C. § 405(g). Coffman requested and the Appeals Council granted an extension of time due to the COVID-19 pandemic. *See* Dkt. 15-3 at 2

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

---

(giving Coffman until July 21, 2021 to file her appeal). Coffman instituted this action on July 21, 2021. Therefore, her appeal is timely.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Coffman had not engaged in substantial gainful activity since June 23, 2017. *See* Dkt. 15-3 at 56.

The ALJ found at Step 2 that Coffman suffered from "the following severe impairments: lumbar spine spondylosis, with radiculopathy; left foot bursitis; depression and anxiety." *Id*.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Coffman's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs. The claimant cannot climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant can occasionally push and/or pull with the bilateral upper and lower extremities. The claimant can understand, remember and carry out detailed, but not complex, instructions, free of any fast-paced production requirements.

*Id*. at 58.

At Step 4, the ALJ found that Coffman is unable to perform any past relevant work. Nonetheless, the ALJ elicited testimony from a vocational expert ("VE") that "there are jobs that exist in significant numbers in the national economy that

[Coffman] can perform." *Id.* at 63. Based on the Medical-Vocational Guidelines, the ALJ explained that Coffman is not disabled. *See id.* at 63–64.

## DISCUSSION

This social security appeal raises only one issue: whether the ALJ's RFC analysis is supported by substantial evidence. Coffman argues that the ALJ "erred at Step Three by failing to consider all of the evidence that supports [Coffman's alleged] disability." Dkt. 23 at 5. Specifically, Coffman argues that the ALJ failed to consider (1) "[p]ost-hearing evidence from [Coffman's] Pain Management Physician, Anjali Jain, M.D. Tr. 942-957"; and (2) that Coffman's "severe psychiatric impairments are truly debilitating." *Id.* I disagree that the ALJ erred in either respect.

**A.   EVIDENCE FROM COFFMAN'S PAIN MANAGEMENT PHYSICIAN**

First, as the Commissioner notes in her cross-motion for summary judgment, "the records from Dr. Jain were dated from May 2019 through July 2019, and the hearing was not until September 27, 2019; thus, it was not 'post[-]hearing' evidence." Dkt. 25 at 4–5. Second, the records from Dr. Jain constitute "other medical evidence," not "medical opinion." *Compare* 20 C.F.R. § 404.1513(a)(3) ("Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."), *with id.* § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities . . . ."). This is important because absent a "medical opinion," the ALJ was not required to articulate the records' persuasiveness. *See id.* § 404.1520c. Finally, "an ALJ is not required to discuss each piece of evidence in the medical records." *Wilson v. Colvin*, No. 1:16-CV-214, 2017 WL 3037801, at *4 (S.D. Miss. July 18, 2017) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)). Accordingly, my

4

inquiry is limited to whether "there is a conspicuous absence of credible choices or no contrary medical evidence." *Ramirez*, 606 F. App'x at 777. Coffman's argument falls into the latter category.

The records from Dr. Jain comprise Exhibit 17F of the record that was before the ALJ. *See* Dkt. 15-21 at 32–47. Without mentioning Dr. Jain by name, the ALJ cites to the records from Dr. Jain in her decision. *See* Dkt. 15-3 at 60 (noting that Coffman "was prescribed medications to address pain (Exhibit 17F/2), however, a June 2019 urinary drug screen was negative for prescribed medication (Exhibit 17F/4)"). Nevertheless, Coffman argues the "ALJ erred by neglecting Dr. Jain's findings regarding [Coffman's] neck pain, low back pain, bilateral shoulder pain and lower limb radiating pain." Dkt. 23 at 6. Coffman contends that if the ALJ had "fully considered and evaluated this salient evidence, a different result would have ensued." *Id.* at 10. Alas, Coffman offers no argument beyond this conclusory statement. Rather, Coffman simply copies and pastes selections of Dr. Jain's notes from Coffman's visits between May and July 2019. *Id.* at 6–10. Apparently, I am supposed to read these selections and ascertain that Coffman "quite simply was not a viable candidate for full-time competitive employment at the light level." *Id.* at 11. A full review of these selected records, however, shows that they are nothing more than an initial evaluation. *See, e.g.*, Dkt. 15-21 at 35 ("MRI of lumbar spine is recommended to the patient. This will allow us to evaluate the source of pain . . . ."). In fact, the records show that Dr. Jain had not even made a diagnosis. *See id.* ("I will construct the treatment plan according to the diagnosis of the patient."). Accordingly, I cannot say that these records constitute "contrary medical evidence" such that a finding of no substantial evidence would be warranted. *Ramirez*, 606 F. App'x at 777.

B.   **EVIDENCE REGARDING COFFMAN'S PSYCHIATRIC IMPAIRMENTS**

Coffman next argues that the "ALJ gave short shrift to [Coffman's] evidence and failed to address any of the recent psychiatric findings in 2019." Dkt. 23 at 12. The evidence to which Coffman refers are her medical records from Holistic

5

Psychiatry, which are contained in Exhibit 16F. *See* Dkt. 15-21 at 2–30. At the outset, I note that the ALJ cites to Coffman's records from Holistic Psychiatry six times in her decision. *See* Dkt. 15-3 at 60–61. Accordingly, the ALJ considered these records; she simply did not make specific mention of Coffman's 2019 visits.[2] Second, as with the records from Dr. Jain, these records are "other medical evidence," not medical opinion. Accordingly, my inquiry is limited to whether these records constitute conflicting evidence. *See Ramirez*, 606 F.App'x at 777.

A review of these records reveals that they are not at odds with the ALJ's finding that Coffman's "symptoms are not entirely consistent with the medical evidence." Dkt. 15-3 at 59. For example, Coffman cites to a March 14, 2019 visit in which her *subjective* complaints included that she "still didn't want to go out of bed" and that she "stayed in bed for 3-4 days now." Dkt. 15-21 at 11. But on the very next page, the *objective* findings revealed no auditory hallucinations, paranoia, suicidal or homicidal ideations. *See id.* at 12. Coffman's mood was noted to be "depressed, anxious," yet the provider's assessment states that Coffman "is exhibiting some improvement in mood" and "[b]etter sleep," despite her "ongoing depression and irritability." *Id.* The provider's assessment is a far cry from a clinical finding that Coffman "is bed-ridden due to profound psychiatric symptoms" and thus "unable to maintain a full-time job," which is how Coffman would have me construe this evidence. Dkt. 23 at 13. Coffman similarly cites to her own subjective complaints from a February 14, 2019 visit in which she complained of agitation and feeling stressed. But again, a review of the objective findings and provider assessment tells a different story. *See* Dkt. 15-21 at 8 (assessing that Coffman "has ongoing depression, but has less cry[ing] outbursts"). As with the March 2019 visit, this evidence is not contrary to the ALJ's decision. Thus, the ALJ's decision is supported by substantial evidence.

---

[2] As discussed above, the ALJ does not have to reference every single piece of medical evidence. *See Wilson*, 2017 WL 3037801, at *4.

## CONCLUSION

For the reasons provided above, Coffman's motion for summary judgment (Dkt. 23) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 24) is **GRANTED**. I will enter a Final Judgment separately.

SIGNED this 9th day of January 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE